**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**John B. NINETE, Defendant—**
**Appellant.**

**No. 04–10309.**
**D.C. No. CR–03–00050–DDP.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 12, 2005.

Decided July 12, 2005.

Karon V. Johnson, Hagatna, GU, for Plaintiff–Appellee.

Howard Trapp, Hagatna, GU, for Defendant–Appellant.

Before D.W. NELSON, KOZINSKI and CALLAHAN, Circuit Judges.

MEMORANDUM *

■ **1.** The district court did not err in denying Ninete's motion for a judgment of acquittal. A reasonable juror could have concluded that there was an overall conspiracy lasting from 1997 to 2002, *see United States v. Umagat,* 998 F.2d 770, 773 n. 3 (9th Cir.1993), and that the conspiracy was not reduced to a single member when Park became a government informant because at least two members, Yutig and an officer at the cargo terminal, remained. The jury could have considered several additional factors: "the nature of the scheme; the identity of the participants; the quality, frequency, and duration of each conspirator's transactions; and the commonality of time and goals," to conclude that a single conspiracy existed. *United States v. Bibbero,* 749 F.2d 581, 587 (9th Cir.1984). All transactions involved the same scheme to smuggle goods, the participants were similar and the parties involved played similar roles in all the transactions. A reasonable juror could also have concluded that Ninete joined the overall conspiracy in progress. *See Umagat,* 998 F.2d at 772–73, 774–75.

■ **2.** The district court did not abuse its discretion in responding to the jury note as it did. Any effort to respond more specifically to the jury's compound question would have risked confusing the jury or biasing its deliberations as to one of the question's two parts. *See Arizona v. Johnson,* 351 F.3d 988, 994–96 (9th Cir. 2003).

■ **3.** Nor did the district court err in declining to group the bribery counts with the trafficking in counterfeit goods counts. Ninete argues that grouping was required under either U.S.S.G. §§ 3D1.2(c) or 3D1.2(d). Grouping is plainly inappropri-

ate under section 3D1.2(c), as neither of the counts "embodies conduct that is treated as a specific offense characteristic in ... the guideline applicable to another of the counts." As to section 3D1.2(d), grouping is appropriate under that section "when the measurement of harm [for] one offense is essentially equivalent to the measurement of harm for other related offenses." *United States v. Taylor,* 984 F.2d 298, 303 (9th Cir.1993) (quoting *United States v. Johnson,* 971 F.2d 562, 576 (10th Cir.1992)) (internal quotation marks omitted). Under U.S.S.G. § 2C1.1, the bribery guideline, the offense level is determined based on the "value of ... the benefit ... to be received in return for the payment." By contrast, U.S.S.G. § 2B5.3, the guideline applicable to criminal infringement of copyright, specifies the offense level in light of the "infringement amount." Because these guidelines measure harm differently, grouping is not appropriate under section 3D1.2(d). *See Taylor,* 984 F.2d at 303.

■ **4.** Ninete argues that his sentence, which was enhanced based on various determinations made by the judge, is invalid under the Sixth Amendment. *See United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). However, Ninete did not object to his sentence on Sixth Amendment grounds below. Consistent with our recent opinion in *United States v. Ameline,* 409 F.3d 1073, 1084–85 (9th Cir.2005) (en banc), we "remand to the district court ... for the [limited] purpose of ascertaining whether the sentence imposed would have been materially different had the district court known that the sentencing guidelines were advisory." *Id.* at 1074–75.

---

**AFFIRMED IN PART; REMANDED IN PART.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.